IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SUNTRUST MORTGAGE, INC.,
    Plaintiff,

v.                                      Civil Case No. 3:12-CV-00080

SIMMONS FIRST NATIONAL BANK,
    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Simmons First National Bank's ("Simmons") motion to dismiss under Fed. R. Civ. P. 12(b)(6). Finding that the plaintiff has submitted a well-pleaded complaint, the Court denies the motion.

### I. Background

This controversy arises from a loan purchase agreement ("Agreement") in which Simmons agreed to sell SunTrust Mortgage, Inc., ("SunTrust") a set of residential mortgage loans. The parties entered into the Agreement on January 1, 2001. The Agreement required loan purchases to conform to the SunTrust underwriting guidelines set forth in its Manual at the time SunTrust received them.[1] The Manual governed, among other things, the closings of loans,

---

[1] Paragraph 6.4.1 established the time requirement, but Paragraph 3.4 of the Agreement explains the expansive role of the Manual:
> The Manual is incorporated herein by reference and shall be deemed to be an inseparable part of this Agreement. All Mortgage Loans purchased pursuant to the Agreement shall be subject to the terms of the Manual and this Agreement. In the event of any inconsistency between the provisions of the Manual and the provisions of this Agreement, the provisions of the Manual shall prevail over and supersede the inconsistent provisions of this Agreement. Purchaser reserves the right to amend or modify the Manual (including, without limitation, by adding

approval of loans, warranties and representations, and indemnifications. Under the Agreement, Simmons promised that the loans sold to SunTrust were valid and enforceable. Simmons further agreed to indemnify SunTrust for any losses arising from the loans. SunTrust now seeks indemnification because it claims it was forced to repurchase a loan from a third party as a result of materially inaccurate information provided by Simmons. (Compl. ¶ 16.)

SunTrust's Complaint, filed in February 2012, asserts three claims, all of which stem from the Agreement: breach of contract of indemnification, breach of express warranty, and relief for specific performance. SunTrust requests damages for its indemnification of investors' losses resulting from the loans and for losses incurred from repurchasing its investors' loans.

## II. Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of a complaint; it does not resolve disputes over factual issues, the merits of a claim, or the applicability of a defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F.Supp.2d 246, 254–55 (W.D.Va.2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show"

---

new provisions of the same or a different nature as the existing provisions of the Manual) in its sole discretion from time to time. (Compl. Ex. 1, ¶ 3.4.)

that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir.2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III. Discussion

Simmons seeks to have the Complaint dismissed by arguing that the Agreement itself is invalid. Simmons asserts that the Agreement lacked mutuality at the time of its creation and that the parties' subsequent performance never cured this deficiency. As a result, Simmons argues the Agreement is not enforceable, thus compelling dismissal of the plaintiff's action.

According to Simmons, the Agreement lacked mutuality because it contained Paragraph 3.4, which gives SunTrust limitless discretion in how it performs its contractual obligations. Since Paragraph 3.4 dictates that the Manual supersedes any inconsistent provision in the Agreement, Simmons argues that there is no limit to SunTrust's ability to amend, add, or delete any provision in the Manual. Without a check on this power, Simmons argues, there is no mutuality, and there is consequently no enforceable contract upon which to bring a claim.

Under Virginia law, mutuality of obligation is essential to a valid contract. *Crews v. Sullivan*, 133 Va. 478, 485 (1922). In other words, "where the consideration for the promise of one party is the promise of the other party, there must be absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement. Both parties must be bound or neither is bound." *Am. Agric. Chem. Co. v. Kennedy & Crawford*, 103 Va. 171, 176 (1904). When there is no mutuality of obligation, a contract will not be enforced. *See, e.g. Town of Vinton v. City of Roanoke*, 195 Va. 881, 896 (1954); *Busman v. Beeren & Barry Investments, LLC*, 69 Va. Cir. 375 (2005). Parties satisfy the mutuality requirement by providing mutual promises as consideration, even if the promises apply to different contract terms or are conditioned upon performance by the other party. *C.G. Blake Co. v. W.R. Smith & Son, Ltd.*, 147 Va. 960, 971-72 (1926). An enforceable contract requires both parties to be bound by the exchange of promises to act or to refrain from acting. *Id.* Critically, mutuality of obligation is determined at the time one seeks to enforce the contract, not at the time of its execution. *Asberry v. Mitchell*, 121 Va. 276, 281 (1917) (testing mutuality at time of the suit). A contract lacking mutuality at its creation, therefore, may be enforceable if the parties subsequently act in a manner that shows their intent to be bound by the contract. *Schwam v. XO Commc'ns, Inc.*, 2006 U.S. App. LEXIS 7428, at *9 (4th Cir. Mar. 24, 2006) (per curiam).

In this case, even if the Agreement lacked mutuality at the outset, the parties' post-formation performance has made it enforceable. Through their subsequent actions, SunTrust and Simmons bound themselves to the Agreement and treated it as an enforceable contract. *Cauval v. Schwan's Home Serv. Inc.*, No. 6:10-cv-00012, 2011 U.S. Dist. LEXIS 13440, *20-23 (W.D. Va. Feb. 10, 2011) (holding that an employment compensation plan was enforceable, even though an employer could alter or amend it freely, because the employer had performed acts

indicating its intent to be bound by the plan). SunTrust and Simmons have continuously bought and sold loans since January 1, 2001. These actions are consistent with the Agreement and are sufficient to establish an enforceable contract, even if the original promise lacked mutuality. *Schwam*, 2006 U.S. App. LEXIS 7428, at *9–10 (upholding an employment contract because the employer's "consistent performance and compliance with the [contract] removes the illusory nature of its promise leaving the [contract] enforceable"). As in *Schwam*, the post-formation actions of Simmons and SunTrust make clear their intent to be bound by the Agreement. These actions erased any defect that may have existed at formation, and the result is an enforceable contract.[2] *Cauval*, 2011 U.S. Dist. LEXIS 13440, at *20–22.

### IV. Conclusion

For the foregoing reasons, the Court denies Simmons' Rule 12(b)(6) motion to dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

Date: April 5, 2012
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

[2] This Court has reached the same conclusion in two recent cases involving SunTrust and parties with which it had contracts identical to the one at issue here. *See SunTrust Mortgage, Inc. v. Security First Bank*, 3:11-cv-704, Dk. No. 14 (Spencer, J.); *SunTrust Mortgage, Inc. v. Patriot Bank, d/b/a Bancplus Mortgage*, 3:11-cv-695, Dk. No. 15 (Payne, J.).

5